

# THE ATTORNEY GENERAL

# OF TEXAS

PRICE DANIEL                          AUSTIN, TEXAS
ATTORNEY GENERAL

November 22, 1949

Hon. R. V. Rayford                   Opinion No. V-951.
County Auditor
Rusk County                          Re: Several questions re-
Henderson, Texas                         lative to the func-
                                         tions of the County
                                         Clerk under H.B.588,
                                         51st Leg., requiring
                                         premarital physical
Dear Sir:                                examinations.

        Reference is made to your recent request which
reads in part as follows:

        "Our County Clerk, Roy B. Cole, has re-
        quested that I ask for an Opinion in regard
        to the new marriage law which was passed un-
        der H.B.588 of the 51st Legislature:

        "Sec. 7:  Before the County Clerk shall
        issue any marriage license he shall file in
        his office the certificates or alternate court
        order required by this Act, and, previous to
        the issuance of the license, he shall certi-
        fy upon the reverse side of the said license,
        that all certificates, or the Court order re-
        quired by this Act have been so received and
        filed.  The statement of the County Clerk
        shall also show the dates of the examination
        of both parties to the marital contract un-
        less same has been suspended by Court order.

        "There is no State approved Laboratory in
        Rusk County.  Therefore, the physicians have
        to take the blood and send it out of the Coun-
        ty to be tested, which requires from 2 to 4
        days to get a report back.  What date shall
        the County Clerk put on his certificate?  The
        Physician takes the blood and dates his cer-
        tificate that date.  The report is dated some
        two or three days later from the laboratory,
        and received by the Doctor probably 2 days
        later.  Now should the Clerk use the physi-
        cian's date, or should the Clerk's certificate

be dated the date the blood was taken in
other words, or on the date the test was
actually made?

"Sec. 10.  Marriage licenses issued under
the provisions of this Act shall become invalid
and of no effect unless the marriage be solem-
nized within fifteen (15) days from the date of
the examination, and no person authorized to
solemnize marriages shall perform said marri-
age after the expiration of fifteen (15) days
from the date of examination as disclosed by
the County Clerk's certificate called for by
Section 7 of this Act and if he does so, he
shall be punished as provided for herein.

"In case the Clerk has returned and pre-
sented to him for filing a marriage license
where the ceremony has been solemnized after
the 15 day period, shall he file and record
this license in the usual way, or what proce-
dure shall he take in case one is presented
for filing after the 15 day period has lapsed?
Is it the duty of the Clerk to call attention
to the fact that it has been solemnized after
the 15 day period?  If you recall, the marri-
age license itself provides for 60 days.

"Since there is no fee provided for the
certificate which is now required to be at-
tached to the license under this new law, will
the Clerk be entitled to a 50¢ fee provided
for in Art. 3930, which reads as follows: 'Each
certificate to any fact or facts contained in
the records of his office with certificate and
seal, when not otherwise provided for ...$.50.'

"Sec. 8:  Any judge of a County or Dis-
trict Court within the County in which the li-
cense is to be issued is authorized and empow-
ered, on joint application by both applicants
for a marriage license, to waive the require-
ments as to medical examinations, laboratory
tests and certificates and to order the County
Clerk to issue the license, if the Judge is
satisfied by proof that sufficient cause for
such action exists and that the public health
and welfare will not be injuriously affected
thereby.  The order of the Court shall be

filed by the County Clerk in lieu of the cer-
tificate form. All records connected there-
with shall be held in absolute confidence and
shall not be open to public inspection and the
hearings on the application shall not be made
public.

"Now, since these Court Orders and re-
cords are held confidentially and not open to
the public, will it be necessary for the Coun-
ty Clerk to provide a special docket to enter
these orders on, and a special minute to re-
cord the orders, which shall be withheld from
public inspection?"

Section 1 of the Act provides:

"No marriage license shall be issued un-
less each applicant files with the county clerk
a certificate from a duly qualified physician
licensed to practice medicine and surgery in
Texas, or in any state or in any territory of
the United States where applicants may reside
but who wish to marry in Texas. The certifi-
cate shall state that the applicant has been
given an actual and thorough examination, in-
cluding a standard serologic test for syphilis.
The examination shall not have been more than
fifteen (15) days prior to the date of issu-
ance of such license and the certificate shall
show that the results of such examination,
tests and history showed that the person ex-
amined was free from any infectious condition
of syphilis. No physician shall issue such
certificate to any person whom he knows or has
reasons to believe is infected with any condi-
tion of syphilis that would be infectious or
who has any clinical evidence of infectious
venereal disease."

The above section provides that the certificate
by the physician "shall show the results of such examina-
tion, tests and history showed that the person examined
was free from any infectious condition of syphilis."Such
certificate cannot be made by the physician until the re-
port is received from the laboratory which makes the
standard serologic test required by Section 1.

In other words, the examination by the doctor

cannot be consummated nor the certificate dated without the laboratory report. Therefore, we believe that the Clerk should certify the date which appears in the physician's certificate.

In regard to your second question, Article 4606, Vernon's Civil Statutes, is as follows:

"The clerk shall record all licenses so issued by him in a well bound book kept for that purpose. It shall be the duty of the person solemnizing the rites of matrimony to indorse the same on the license and return it to the county clerk within sixty days after the celebration aforesaid; such return shall be recorded with the license.

Although Section 10 of House Bill 588 provides that "No person authorized to solemnize marriages shall perform said marriage after the expiration of fifteen (15) days from the date of examination as disclosed by the County Clerk's certificate," nevertheless the plain provision of Article 4606 provides that the return shall be recorded with the license upon receipt of same. In view of the foregoing, it is our opinion that the Clerk should record the marriage license even though the marriage ceremony has been solemnized after the fifteen day period.

Article 3930, V.C.S., provides in part as follows:

"Clerks of the county Court shall receive the following fees: . . .

"Each certificate to any fact or facts contained in the records of his office, with certificate and seal, when not otherwise provided for - .50."

Section 5 of Article 3912e, V.C.S., provides:

"It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. . . ."

In view of the foregoing, you are respectfully advised that it is the duty of the County Clerk to collect a fee of fifty cents for issuing the certificate on a marriage license under the provisions of House Bill 588, Acts of the 51st Legislature, 1949, and deposit same in the Officers' Salary Fund of the county.

Since Section 8 of House Bill 588 which provides that all records connected with the court order shall be held in absolute confidence and shall not be open to the public inspection, it would necessarily follow that the County Clerk should have a Special Docket and Minute Book in which to enter and record these orders. If an order is entered on the regular Docket or the Minutes recorded in the regular Minutes in the County Clerk's office, the same would be open to public inspection.

### SUMMARY

The County Clerk should certify on the reverse side of the marriage license the date which appears in the certificate of the physician who examines the applicant. Sec. 1, H.B.588, Acts 51st Leg., 1949.

The County Clerk should record the marriage license and return even though the marriage ceremony has been solemnized after the fifteen day period. Art.4606, V.C.S.

The County Clerk is entitled to collect a fee of fifty cents for issuing the certificate on a marriage license. Art.3930, V.C.S.

The County Clerk should have a Special Docket and Minute Book in which to enter and record the court orders provided for in Section 8 of House Bill 588, Acts of the 51st Legislature, 1949.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL
BA:mw

By

Bruce Allen
Assistant